# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER CHARLES and DARREN PRUM, special administrators of the estate of BABY BOY CHARLES, born December 31, 2005 and died August 4, 2006; and MORGAN CHARLES, on behalf of the deceased BABY BOY CHARLES,<br><br>         Plaintiffs,<br><br>   vs.<br><br>MELANIE OCHS; DOE INDIVIDUALS I–X; ROE CLARK COUNTY DEPARTMENT OF FAMILY SERVICES EMPLOYEES XI–XXX, individually and in their official capacities; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; COUNTY OF CLARK, a political subdivision of the State of Nevada; and ZOE CORPORATIONS XXXI–XXXV,<br><br>         Defendants. | Case No.: 2:07-cv-1212-RLH-GWF<br><br>**O R D E R**<br><br>(Motion to Dismiss–#32) |

Before the Court is Defendant Clark County Department of Family Services' ("DFS") **Motion to Dismiss Plaintiffs' First Amended Complaint** (#32), filed February 5, 2008. The Court has also considered Plaintiffs Christopher Charles and Darren Prum, special administrators of the estate of Baby Boy Charles, born December 31, 2005 and died August 4, 2006, and Morgan Charles', mother of deceased child Baby Boy Charles, Opposition (#33), filed February 25, 2008, and DFS' Reply (#36), filed March 10, 2008.

1

AO 72
(Rev. 8/82)

## BACKGROUND

Plaintiffs assert claims for civil rights violations pursuant to 42 U.S.C. § 1983 and for negligence, alleging that Defendants failed to provide for Baby Boy Charles' basic human needs and failed to protect him from harm while he was in the custody of the Clark County foster care system. Plaintiffs further allege that Defendants' wrongful conduct caused Baby Boy Charles to suffer severe terror, pain and suffering, mental injuries, severe mental anguish, and death.

## DISCUSSION

Defendant DFS moves the Court to dismiss all claims against it because it is a department of a political subdivision, and consequently, lacks capacity to be sued under Nevada law. For the reasons discussed below, the Court grants DFS' Motion to Dismiss.

### I. Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(6) provides that a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion, a court must examine the complaint to determine whether it contains sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiff[]." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). However, a court does not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

### II. Capacity to Be Sued

Pursuant to Fed. R. Civ. P. 17(b), DFS' capacity to be sued in federal court is determined by Nevada law. *See Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986). "Under [Nev. Rev. Stat. § 41.031], a plaintiff may sue a political subdivision but not a department of a political subdivision." *Clark K. v. Guinn*, No. 2:06-CV-1068, 2007 WL 1435428, at *7 (D. Nev. May 14, 2007); *see also Wayment v. Holmes*, 912 P.2d 816, 819 (Nev.

AO 72
(Rev. 8/82)

1996) ("'In the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued.'") (quoting 64 C.J.S. *Municipal Corporations* § 2195 (1950)).  "DFS is a political subdivision department, and thus Plaintiffs may not maintain a suit against it."  *Clark K.*, 2007 WL 1435428, at *7.

Here, the Plaintiff has failed to identify and the Court is unaware of any Nevada statutory authority permitting DFS to sue or be sued.  Plaintiff argues that the Nevada Supreme Court's *Wayment* decision "is patently incongruous with the statutory scheme" of NRS 41.031.  Regardless of the merits of Plaintiff's argument, this Court is bound to follow the Nevada Supreme Court's interpretation of Nevada law.  *See In re Bartoni-Corsi Produce, Inc.*, 130 F.3d 857, 861 (9th Cir. 1997) ("When interpreting state law, federal courts are bound by decisions of the state's highest court.").  Accordingly, the Court agrees with the *Clark K.* court's determination that DFS is a department of a municipal government and that under Nevada law it lacks capacity to be sued.  Therefore, pursuant to Fed. R. Civ. P. 17(b), Plaintiffs cannot sue DFS and all claims against it must be dismissed.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant DFS' Motion to Dismiss (#32) is GRANTED.

IT IS FURTHER ORDERED that the Clark County Department of Family Services be dismissed as a party to this action.

Dated: March 28, 2008.

_____
**ROGER L. HUNT**
**Chief United States District Judge**