**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHRISTOPHER CHARLES and DARREN PRUM, special administrators of the estate of Baby Boy Charles, born December 31, 2005, and died August 4, 2006; MORGAN CHARLES, on behalf of the deceased BABY BOY CHARLES,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>MELANIE OCHS, individually; CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; and COUNTY OF CLARK, a political subdivision of the State of Nevada,<br><br>　　　　　　Defendants.<br>_____<br>CHRISTOPHER CHARLES and DARREN PRUM, special administrators of the estate of Baby Boy Charles, born December 31, 2005, and died August 4, 2006; MORGAN CHARLES, on behalf of the deceased BABY BOY CHARLES,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>MAPLE STAR NEVADA, a Nevada corporation; JENNIFER ERBES, individually and in her official capacity,<br><br>　　　　　　Defendants.<br>_____ | Case No.: 2:07-cv-01212-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Summary Judgment–#159; Motion for Summary Judgment–#167)<br><br><br>Case No.: 2:08-cv-001146-KJD-GWF (consolidated with Case No.: 2:07-cv-01212-RLH-GWF) |

1

AO 72
(Rev. 8/82)

Before the Court is Defendants Maple Star Nevada and Jennifer Erbes' **Motion for Summary Judgment** (#159), filed October 25, 2010, and Defendant County of Clark's **Motion for Summary Judgment** (#167), filed December 1, 2010.  The Court has also considered all of the oppositions, replies, and other pleadings filed in connection with these motions.

## BACKGROUND

This action arises out of the tragic death of a child named Baby Boy Charles. Defendant Melanie Ochs, Baby Boy Charles' foster mother, was allegedly changing his diaper on her washing machine when, distracted by her other children, she turned her attention away from Baby Boy Charles.  While she was gone Baby Boy Charles fell off the washing machine, suffered traumatic injury, and subsequently died.  On September 6, 2007, Plaintiffs filed suit in this Court asserting claims for civil rights violations under 42 U.S.C. § 1983 and for negligence.

Defendant Maple Star is a private company that supervises the care of foster children and Defendant Jennifer Erbes is a social worker who is employed by Maple Star.  Maple Star and Erbes filed a motion for summary judgment on October 25, 2010, arguing that summary judgment was proper as to them for both the negligence and § 1983 claims.  Defendant Clark County has also filed a motion for summary judgment.  For the reasons discussed below, the Court denies both motions.

## DISCUSSION

**I.  Motion for Summary Judgment Legal Standard**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587

AO 72
(Rev. 8/82)

1  (1986). The party moving for summary judgment has the burden of showing the absence of a
2  genuine issue of material fact, and the court must view all facts and draw all inferences in the light
3  most favorable to the non-moving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th
4  Cir. 1982), *cert. denied*, 460 U.S. 1085 (1983).
5     Once the moving party satisfies the requirements of Rule 56, the burden shifts to
6  the party resisting the motion to "set forth specific facts showing that there is a genuine issue for
7  trial." *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-
8  moving party "may not rely on denials in the pleadings but must produce specific evidence,
9  through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME*
10  *Hosp., Inc.*, 929 F.2d 1404 (9th Cir. 1991), and "must do more than simply show that there is some
11  metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.
12  **II.    Maple Star and Jennifer Erbes' Motion for Summary Judgment**
13    **A.    Negligence**
14     Plaintiffs' third cause of action is for negligence against Clark County, Jennifer
15  Erbes, and Maple Star. In Nevada, a negligence cause of action generally requires that: (1) the
16  defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach
17  was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Scialabba v.*
18  *Brandise Const. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996). The question of whether a duty to act
19  exists is a question of law for the court to decide. *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev.
20  2001). Plaintiffs claim that Defendants breached their duty by failing to comply with several state
21  statutes and administrative regulations. The statute relevant to this motion is NRS § 432B.220,
22  which imposes a duty upon certain persons, including social workers and persons employed by
23  child care establishments, who know or have reasonable cause to believe that a child has been
24  abused or neglected, to report the abuse or neglect to the proper authority.
25  /
26  /

1    Defendants Maple Star and Jennifer Erbes argue that summary judgment is proper
2 because they did not owe a duty of care to Baby Boy Charles at the time of his death.  Specifically,
3 they argue that at the time of his death, Maple Star and Jennifer Erbes were no longer contracted to
4 supervise the care of Baby Boy Charles.  However, the Court disagrees.  Although Maple Star and
5 Erbes' contractual duty to protect Baby Boy Charles may have expired, their statutory duty under
6 NRS 432B.220 did not expire.  The Court therefore finds that genuine issues of material fact
7 remain as to whether Maple Star and Erbes had a duty to Baby Boy Charles at the time of his
8 death.
9    Defendants Maple Star and Erbes also argue that summary judgment is proper
10 because they did not breach the duty owed under NRS § 432 B.220.  However, Plaintiffs have
11 provided the Court with sufficient evidence to demonstrate that a factual dispute exists as to this
12 element.  Specifically, Plaintiffs point to Erbes' deposition testimony wherein Erbes admits that
13 she knew that Baby Boy Charles suffered an injury to his face while in Defendant Ochs' care and
14 she never investigated it or reported it.  The Court finds that this evidence creates a factual dispute
15 as to whether a reasonable social worker would have reported this injury to the proper authorities.
16 Plaintiffs also point to several photographs depicting the condition of the inside of Baby Boy
17 Charles' foster home.  According to Plaintiffs, there is a factual dispute as to whether a reasonable
18 social worker would report the messy condition within the house.  However, these pictures were
19 allegedly taken more than five days after Erbes last visited the foster home.  Therefore, Plaintiffs
20 fail to show that when Erbes last visited the foster house it was in the messy condition that is
21 depicted in those photographs.  Accordingly, the Court finds that these photographs are not
22 sufficient to establish a factual dispute as to the element of breach.  However, because there is a
23 factual dispute as to whether or not Baby Boy Charles' facial injury should have been reported, the
24 Court denies Maple Star and Erbes' motion for summary judgment on this claim.
25 /
26 /

AO 72
(Rev. 8/82)

B.   **Section 1983**

Plaintiffs' first cause of action is a § 1983 claim against all Defendants except Ochs and Tokarski, the foster parents. Section 1983 provides a remedy to individuals whose constitutional rights have been violated by persons acting under color of state law. 42 U.S.C. § 1983. Plaintiffs claim that these Defendants deprived Baby Boy Charles of his Fifth and Fourteenth Amendment right to be provided with basic human needs and to be free from unjustified pain and suffering, mental anguish, and to live without threat to his personal safety while in Defendants custody. Plaintiffs also claim that Defendants deprived them of their Fifth and Fourteenth Amendment right to continued familial association with Baby Boy Charles.

In order to establish municipal liability under § 1983, Plaintiffs must prove that Defendants were enforcing a government policy or custom when the alleged § 1983 injury occurred. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). There are several ways to establish the existence of a government policy or custom. Of course, if there actually is a formally adopted policy or custom that causes constitutional violations then there is municipal liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82, n.10, (1986). Additionally, unconstitutional conduct by those with final authority for making decisions in the municipality constitutes a policy or custom. *Id*. at 483–84. And similarly, if authorized decision makers approve or ratify the unconstitutional behavior of a subordinate there is municipal liability. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1992).

Maple Star and Erbes argue that summary judgment is proper because Plaintiffs have failed to show triable issues of fact that Maple Star enforces a custom or policy which led to the alleged § 1983 violations. However, Plaintiffs point to the deposition testimony of Barbara de Castro, Maple Star's Regional Director, wherein De Castro testifies that she was aware that Maple Star did not report the facial injury sustained by Baby Boy Charles. The Court finds that this knowledge is sufficient evidence to create genuine issues of material fact that Maple Star ratified

/

AO 72
(Rev. 8/82)

Erbes failure to properly report said injury. As such, the Court denies Defendants Maple Star and Erbes' motion for summary judgment.

### III.    County of Clark's Motion for Summary Judgment

#### A.    Negligence

Plaintiffs' fourth claim is for negligence against Clark County. Clark County argues that summary judgment is proper as to this claim because Clark County did not owe a duty to Plaintiffs or Baby Boy Charles. The Court disagrees. Clark County owed a duty to Baby Boy Charles under both NRS § 432B.220 and the common law. First, as stated above, NRS § 432B.220 imposes a duty upon certain persons, including social workers and persons employed by child care establishments, who know or have reasonable cause to believe that a child has been abused or neglected, to report the abuse or neglect to the proper authority. Therefore, the Clark County social workers assigned to supervise the Ochs residence would be obligated to report abuse or neglect under this duty. As such, Clark County had a duty to Baby Boy Charles under NRS 432B.220.

Second, the Court finds that Clark County owed a duty to Baby Boy Charles arising out of the special relationship that existed between Clark County and Baby Boy Charles. In general, "no duty is owed to control the dangerous conduct of another or to warn others of the dangerous conduct." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280–81 (Nev. 2009). However, Nevada recognizes an exception to this rule when (1) there is a special relationship between the parties, and (2) the harm created by the dangerous conduct is foreseeable. *Id*. Here, the Eight Judicial District Court committed Baby Boy Charles to the protective custody of Clark County, and Clark County supervised the care of Baby Boy Charles in Ochs' residence. Therefore, a special relationship existed between Clark County and Baby Boy Charles. Furthermore, Plaintiffs have provided the Court with sufficient evidence to establish that Baby Boy Charles' death was foreseeable. For example, John Forbes, a Clark County social worker assigned to Baby Boy Charles, was aware of the fact that Baby Boy Charles sustained a facial

1   injury while in Ochs' care. Also, Dana Papania, another Clark County employee, reported to Child
2   Haven (a part of the Clark County Department of Family Services) that Defendant Ochs would
3   leave a newborn baby in a car parked in the garage overnight because the baby's crying would
4   bother her. This and other conduct by Ochs makes Baby Boy Charles' death foreseeable.
5   Therefore, the Court finds that Clark County owed a duty to Baby Boy Charles. Furthermore, the
6   Court finds that a factual dispute exists as to whether or not Clark County was the cause of Baby
7   Boy Charles' death. Accordingly, the Court denies Clark County's motion for summary judgment
8   on this claim.

9   **B.   § 1983**

10  Defendant Clark County argues that summary judgment is proper as to this claim
11  for several reasons; the Court will deal with each individually.

12  **1.   Violation of a Constitutional Right**

13  In order to properly establish a claim under § 1983, the plaintiff must show that the
14  defendant/state actor violated a constitutional right. Clark County argues that Plaintiffs cannot
15  establish a violation of a constitutional right because Plaintiffs rely upon state law for their claims,
16  the violation of which does not trigger a constitutional deprivation. The Court disagrees.
17  Plaintiffs § 1983 claim is based upon Baby Boy Charles' constitutional right to life under the Due
18  Process Clause of the U.S. Constitution. Baby Boy Charles' right to life was not created by a state
19  statute; it was created by the United States Constitution. Accordingly, if, as Plaintiffs allege, Clark
20  County violated that right, that violation would constitute a proper basis for a § 1983 claim.

21  **2.   Policy or Custom; Deliberate Indifference**

22  As discussed above, in order to establish municipal liability under § 1983, Plaintiffs
23  must prove that Defendants were enforcing a government policy or custom when the alleged
24  § 1983 injury occurred. *Monell*, 436 U.S. at 694. Clark County argues that summary judgment is
25  proper because Plaintiffs cannot establish a policy or custom. The Court disagrees. If authorized
26  decision makers approve or ratify unconstitutional behavior, that is sufficient to establish a policy

or custom. *Trevino*, 99 F.3d at 918. In this case Ochs reported Baby Boy Charles' facial injury to John Forbes, the Clark County caseworker assigned to Baby Boy Charles, and he made a note of the incident. However, no investigation into this incident was ever made by Forbes or Clark County. This is sufficient evidence to create a factual dispute as to whether or not Clark County ratified Forbes decision not to investigate the incident. As such, summary judgment is improper.

Next, to establish municipal liability, a plaintiff must show that defendant's custom or policy amounted to deliberate indifference to their constitutional rights. *Burke v. County of Alameda*, 586 F.3d 725, 731 (9th Cir. 2009). Clark County also argues that its alleged custom or policy did not amount to deliberate indifference. However, the Court finds that a factual dispute exists as to whether Clark County's failure to investigate Baby Boy Charles' facial injury amounted to deliberate indifference.

### 3. Policy is Moving Force Behind Constitutional Violation

To establish municipal liability, a plaintiff must also show that defendant's custom or policy was the moving force behind the constitutional violation. *Id*. Clark County argues that Plaintiffs cannot establish this requirement because Baby Boy Charles' death was an accident and not the cause of any constitutional violation. However, the Court finds that a reasonable juror could find that the alleged accident leading to Baby Boy Charles' death would not have occurred if Clark County would have properly supervised his care. Accordingly, a factual dispute exists as to this issue as well.

Accordingly, the Court finds that a material factual dispute exist with respect to Plaintiffs' first cause of action—the § 1983 claim against all Defendants except Ochs and Tokarski. Therefore, the Court denies Clark County's motion for summary judgment.

### C. § 1983 Failure to Provide Adequate Training Claim

Plaintiffs second cause of action alleges that Clark County has failed to adequately provide training to foster care social workers and supervisors. Clark County argues that summary judgment is proper because Plaintiffs have failed to show sufficient facts to support such a claim.

8

AO 72
(Rev. 8/82)

However, in the Addendum (#193) to Plaintiffs' opposition, Plaintiffs set forth the deposition testimony of Harold Franklin, a former employee of Clark County's Department of Family Services and one of the caseworkers assigned to Baby Boy Charles, wherein Mr. Franklin testified as to the lack of proper training he received while he worked for Clark County. For example, Mr. Franklin states that he received almost no formal training at all, and was forced to learn his duties "on the job" from his co-workers. Mr. Franklin also states that he was never given a full copy of Clark County's policies and procedures for his job. This testimony raises a factual dispute as to whether or not Clark County failed to adequately train its foster care social workers. Accordingly, the Court denies Clark County's motion for summary judgment.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Maple Star Nevada and Jennifer Erbes' Motion for Summary Judgment (#159) is DENIED.

IT IS FURTHER ORDERED that Defendant County of Clark's Motion for Summary Judgment (#167) is DENIED.

Dated: February 3, 2011

_____
ROGER L. HUNT
Chief United States District Judge